UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Anthony Gruff, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:25-cv-12839-BHH |
| v. | ) | |
| | ) | **Order** |
| Henry McMaster, Magistrate Hendricks, | ) | |
| Alan Wilson, Mike Crenshaw, Chad | ) | |
| McBride, John Does 1 through 14, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon *pro se* Plaintiff John Gruff's ("Plaintiff") complaint against Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pretrial proceedings.

On December 5, 2025, Magistrate Judge Brown issued a Report and Recommendation ("Report"), recommending that the action be dismissed without issuance and service of process and without leave to amend. (ECF No. 11.) The Report finds dismissal is proper because Defendants are entitled to immunity and/or are not proper parties to this action and because the complaint fails to plausibly state a claim for which relief can be granted. (*Id.* at 6-14). On February 9, 2026,[1] Plaintiff filed objections to the Report. (ECF No. 20.)

---

[1] Plaintiff filed two motions for extension of time in which to file his objections, which the Court granted. (*See* ECF Nos. 14, 17.)

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Report sets forth in detail the relevant background and the standards of review, and no party objects to these portions of the Report. The Court finds no clear error in these portions of the Report and incorporates these portions without recitation.

A review of Plaintiff's twenty-eight-page objections reveals no specific objections to the Report. (ECF No. 20.) Indeed, Plaintiff fails to engage the Magistrate Judge's analysis. (*See generally id*.) Instead, Plaintiff repeats his arguments in support of his belief that he was falsely arrested and extradited from South Carolina to Pennsylvania with no jurisdiction or probable cause, and he largely fills his objections with numerous quotes

2

and case citations. (*Id.*); *see Nealy v. Warden, Lee Corr. Inst.*, No. 1:18-CV-00777-RBH, 2018 WL 6695713, at *1 (D.S.C. Dec. 20, 2018) ("[O]bjections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error."). Nevertheless, out of an abundance of caution for a *pro se* Plaintiff, the Court has conducted a *de novo* review of the record, the Report, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge and finds that this action is subject to dismissal.

Even assuming *arguendo* that Defendants are not immune from suit and/or are proper parties,[2] the Court agrees with the Magistrate Judge that Plaintiff fails to allege facts showing that his rights were violated or that he was denied due process under the United States Constitution or subject to any violation of state or federal law such that he is entitled to monetary or other relief for unlawful extradition.[3] *See Bolick v. Tomkins*, C/A No. 5:20-cv-02888-RBH, 2022 WL 4376816, at *6 (D.S.C. Sept. 22, 2022). Plaintiff fails to allege facts showing he was extradited without a hearing. Indeed, by his own allegations, Plaintiff was afforded a hearing and multiple opportunities to be heard, with the assistance of counsel, on the subject of his detention and extradition. (*See* ECF No. 1-2.) Plaintiff elected not to attend the hearing and was, instead, represented through

---

[2] The Court notes that it agrees with the Magistrate Judge's findings that certain Defendants are immune from suit and/or are not proper parties to this action. (ECF No. 11 at 6-11.)

[3] "To state a 42 U.S.C. § 1983 claim for illegal extradition, an individual must show that the violation of the state's extradition laws 'caused the deprivation of rights protected by the Constitution and statutes of the United States.'" *Batten v. Gomez*, 324 F.3d 288, 294 (4th Cir. 2003) (cleaned up) (citing *Wirth v. Surles*, 562 F.2d 319, 322 (4th Cir. 1977)). South Carolina has adopted the Interstate Agreement on Detainers Act ("IAD"), *see Proctor v. Huggins*, C/A No. 14-cv-238, 2015 WL 5306018, at *2 (M.D.N.C. Sept. 10, 2015), which "is a compact among 48 states [including South Carolina], the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." *Reed v. Farley*, 512 U.S. 339, 341 (1994); *see also* S.C. Code Ann. §§ 17–11–10–80 (2015). A violation of the IAD "may be remedied under section 1983." *Bush v. Muncy*, 659 F.2d 402, 406 (4th Cir. 1981) (citing *Maine v. Thiboutot*, 448 U.S. 1 (1980) & *Cuyler v. Adams*, 449 U.S. 433 (1981)).

counsel at that hearing. (*Id.*) Although Plaintiff may be dissatisfied with the outcome of the extradition proceedings, the Court agrees with the Magistrate Judge that his complaint is devoid of facts showing that his rights were violated. Consequently, Plaintiff's § 1983 claims are subject to summary dismissal.

### Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates herein the Magistrate Judge's Report (ECF No. 11); overrules** Plaintiff's objections (ECF No. 20); and **dismisses this action without issuance and service of process and without leave to amend.**

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

May 6, 2026
Charleston, South Carolina